Dear Mr. Burson:
On behalf of the St. Landry Parish Police Jury, you have requested our opinion as to whether the Police Jury, in its budget, can assess (1) Parish Transportation funds it receives from the State ("Transportation Funds"), and (2) dedicated proceeds from special road district taxes ("District Funds"), for administrative fees of four percent (4%) for accounting expenses and courthouse-operating expenses?"
Your inquiry must be examined in light of R.S. 33:1236(35)(a), which provides as follows:
 "In the event that the administrative office of a parish governing authority renders any service, including but not limited to bookkeeping, administrative, or clerical services, to any board, agency, district, subdivision, or any entity of local government, excluding municipalities, sheriffs, clerks of court, or assessors, the parish governing authority shall have the authority to assess a charge of not more than four percent of the total revenues of that entity for such services actually rendered by said office. However, the amount of any such charge shall be established by agreement between the governing authority and such entity and shall not exceed the actual cost, including direct and indirect expenses, incurred by the administrative office of the governing authority in rendering such services to that entity. If no agreement can be made by the parish governing authority and such entity upon the amount of the charge to be assessed an entity pursuant to this Subparagraph, said governing authority may relieve its administrative office from any obligation to provide any service to that entity."
Regarding the Transportation Funds, it is the opinion of this office that the Police Jury does not have the authority to "assess" such funds a four percent administrative fee.
Transportation Funds are distributed to the various parishes, including St. Landry, from the Parish Transportation Fund established in R.S. 48:751. R.S. 48:751, et seq, and in particular, R.S. 48:753, provides how Parish Transportation Funds can be used. Those statutes, in our opinion, limit the use of such funds to providing and maintaining transportation and transportation systems. Our review of R.S. 48:751, et seq, did not reveal any provisions which would authorize a parish governing authority to deduct a portion of the funds for "accounting or courthouse operating expenses".
Furthermore, the Transportation Funds are administered by the police jury on behalf of the parish. The funds are not administered by St. Landry Parish on behalf of another "entity". R.S. 33:1236(35)(a) only authorizes a governing authority to assess a fee for administering the funds of another "entity of local government"(emphasis added), as opposed to a special or segregated fund of the Parish.
Regarding the road district taxes, it is the opinion of this office that a Road District, as long as it is an "entity" distinct from the Police Jury, can be charged a fee for services performed on its behalf by the administrative office of the Police Jury.
Of course, the fee so charged must be in accordance with R.S.33:1236(35)(a). As such, the fee must be established by agreement with the road district, and it cannot exceed the actual cost incurred by the administrative office of the Police Jury in rendering the service, nor can it exceed four percent of the total revenues of the road district.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav/213n